UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LISA M. RAPOSA,<br>    Plaintiff,<br><br>v.<br><br>CASSANDRA L. CARBERRY, M.D.<br>and WOMEN & INFANTS<br>HOSPITAL OF RHODE ISLAND,<br>    Defendants. | C.A. No. 20-434-JJM-LDA |

**ORDER**

After a detailed presentation of the evidence, a jury returned a verdict finding that Lisa M. Raposa had not proven by a preponderance of the evidence that Dr. Cassandra L. Carberry and Women & Infants Hospital breached the standard of care in the treatment that Dr. Carberry rendered to her. ECF No. 59. Ms. Raposa now asks the Court to grant her a new trial under Fed. R. Civ. P. 59(a)(1)(A). ECF No. 66.

A "court may, on motion, grant a new trial on all or some of the issues * * * after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A district court may order a new trial "only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Crowe v. Marchand*, 506 F.3d 13, 19 (1st Cir. 2007) (internal quotation marks omitted) (quoting *Casillas-Díaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006)). Judicial interference with a jury verdict is warranted only where the verdict represents "a blatant miscarriage of justice." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir. 2003) (internal

1

quotation marks omitted) (quoting *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 717 (1st Cir. 1994)).

Turning to the evidence on the standard of care in this case, the parties presented the jury with two equally competent, credentialled expert medical doctors. The experts' opinions were opposed to each other. The jury reasonably could have accepted either opinion.

Plaintiff's expert Dr. Douglas Philips testified that the standard of care required Dr. Carberry "to have a heightened suspicion of a bowel injury and to perform a simple rectal exam through the instillation of air or sterile fluid into the bowel." ECF No. 66-1 at 4-5. He testified that Dr. Carberry breached the standard of care by failing to perform the required testing and failing to identify and repair the perforation of Ms. Raposa's bowel. *See id.* at 5, 14-15.

Defendants' expert Dr. Jerry L. Lowder "testified that Dr. Carberry met the standard of care at all times" before, during, and after the surgery. ECF No. 73-1 at 2. He agreed that Dr. Carberry "had no reason to believe that [Ms. Raposa] was at a higher risk for a rectal injury" and that the digital exam of the rectum performed by Dr. Carberry met the standard of care. *Id.* at 2-3 (internal quotation marks omitted) (quoting Trial Tr. Day 5 at 25).

Based on the verdict, the jury chose to believe Dr. Carberry's expert, and not Ms. Raposa's expert. The jury determined that Dr. Carberry's surgery, concluding with a digital rectal exam, met the standard of care. ECF No. 59. "It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and

inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." *Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35 (U.S. 1944) (citations omitted). The Court "cannot displace a jury's verdict merely because [it] disagrees with" the verdict or because "a contrary verdict may have been equally . . . supportable." *Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (internal quotation marks omitted) (citations omitted). In other words, a district court judge does not sit as a thirteenth juror who may set aside a verdict simply because she would have reached a different conclusion. *United States v. Rothrock*, 806 F.2d 318, 322 (1st Cir. 1986) (citations omitted).

The Court finds that the jury's verdict in this case was reasonable and consistent with the evidence and the law. The verdict is not against the law, not against the weight of credible evidence, and does not represent a miscarriage of justice. There is no reason for the Court to second guess the jury's determinations after a hard-fought case. The Court DENIES Plaintiff's Motion for a New Trial. ECF No. 66.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

April 13, 2023